**GREENBERG TRAURIG, LLP**
Alex Linhardt (SBN 303669)
*linhardta@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.: 310-586-7700; Fax: 310-586-7800

**GREENBERG TRAURIG, LLP**
Michael J. Grygiel (*pro hac vice*)
*grygielm@gtlaw.com*
Kelly L. McNamee (*pro hac vice*)
*mcnameek@gtlaw.com*
Christina N. Hernsdorf (SBN 330987)
*Christina.Hernsdorf@gtlaw.com*
54 State Street, 6th Floor
Albany, NY 12207
Tel.: 518-689-1400

Attorneys for Defendants INFOBLOX INC.
and RENÉE BURTON

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SKYFORGE DIGITAL AG, a Switzerland corporation, and TEKNOLOGY SA, a Switzerland corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INFOBLOX INC., a Delaware corporation, and RENÉE BURTON, in her individual capacity,<br><br>Defendants. | CASE NO. 5:25-cv-09502-PCP<br><br>Assigned to Hon. P. Casey Pitts<br>Magistrate Judge Susan van Keulen<br>Courtroom 8<br><br>**DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date:    March 26, 2026<br>Time:   10:00 a.m.<br>Place:   Courtroom 8<br><br>Action Filed:   November 4, 2025<br>Trial Date:      None Set |

**NOTICE OF MOTION AND MOTION TO STAY DISCOVERY:**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, on March 26, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable P. Casey Pitts, United States District Judge for the Northern District of California, located in Courtroom 8 at the Robert F. Peckham Courthouse, 280 South First Street, San Jose, CA 95113, Defendants Infoblox Inc. and Renée Burton (collectively, "Defendants") will, and hereby do, move the Court for a stay of discovery until the Court issues a ruling on Defendants' pending combined motion to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and motion to strike the Complaint pursuant to Cal. Code of Civ. Proc. Section 425.16. (Dkt. No. 39 ("Motion to Dismiss" or "MTD").) For purposes of the Court's efficiency, Defendants propose combining a hearing on this motion with the already-scheduled hearing for March 26, 2026, on their Motion to Dismiss. Of course, Defendants are amenable to this matter being heard at any day and time which suits the Court's convenience and preference.

Defendants' motion to stay discovery should be granted because the pending Motion to Dismiss is potentially dispositive of the entire case and because it may be decided absent additional discovery. Moreover, additional good cause exists to stay discovery given the speech on matters of public importance this action seeks to punish and chill.

This motion to stay is based on this notice of motion and motion, the accompanying memorandum of points and authorities, Defendants' Motion to Dismiss, and all pleadings, arguments, and matters before the Court.

Dated: January 30, 2026              **GREENBERG TRAURIG, LLP**

                                     By:  /s/ Alex Linhardt
                                          Alex Linhardt
                                          Michael J. Grygiel
                                          Kelly L. McNamee
                                          Christina N. Hernsdorf

                                          *Attorneys for Defendants Infoblox Inc.*
                                          *and Renée Burton*

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ........................................................................................... 2

III. LEGAL STANDARD ....................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 4

    A. Defendants Satisfy this District's Two-Part Test for a Stay of Discovery Pending Resolution of a Motion to Dismiss. ............................................ 4

        1. The Pending Motion to Dismiss Is Potentially Dispositive of the Entire Case. ............................................................................ 4

        2. The Pending Motion to Dismiss Can — and Must — Be Decided Absent Additional Discovery. ................................................ 6

    B. Additional Good Cause Exists to Stay Discovery Given the Speech on Matters of Public Importance this Action Seeks to Punish. ................... 7

V. CONCLUSION ................................................................................................................. 9

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Braun v. Yahoo*,
   No. 17-cv-06294-SVK, 2018 U.S. Dist. LEXIS 237032
   (N.D. Cal. Mar. 28, 2018)......................................................................................................3

*California Crane School, Inc. v. Google LLC*,
   No. 21-cv-10001-HSG, 2022 U.S. Dist. LEXIS 77442
   (N.D. Cal. Apr. 28, 2022)................................................................................................. 4, 7

*Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board of Culinary Workers*,
   542 F.2d 1076 (9th Cir. 1976) ...............................................................................................8

*Gopher Media LLC v. Melone*,
   154 F.4th 696 (9th Cir. 2025) ................................................................................................8

*Hamilton v. Rhoads*,
   No. C 11-0227 RMW (PR), 2011 U.S. Dist. LEXIS 123494
   (N.D. Cal. Oct. 25, 2011) ......................................................................................................4

*Heck v. Amazon.Com, Inc.*,
   No. 22-cv-03986-JSW, 2022 U.S. Dist. LEXIS 199904
   (N.D. Cal. Nov. 1, 2022) .......................................................................................................4

*Metabolife International, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) .................................................................................................8

*Mireskandari v. Daily Mail*,
   No. CV 12-02943 MMM, 2013 U.S. Dist. LEXIS 199145
   (C.D. Cal. Jan. 14, 2013) .......................................................................................................8

*National Abortion Federation v. Center for Medical Progress*,
   No. 15-cv-03522-WHO, 2015 U.S. Dist. LEXIS 114851
   (N.D. Cal. Aug. 27, 2015) .....................................................................................................8

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
   732 F. Supp. 3d 1101 (N.D. Cal. 2024).............................................................................4, 7

*Reveal Chat Holdco, Ltd. Liab. Co. v. Facebook, Inc.*,
   No. 20-cv-00363-BLF, 2020 U.S. Dist. LEXIS 92828
   (N.D. Cal. Apr. 10, 2020) ..................................................................................................4, 7

*Smith v. Payne*,
   No. C 12-01732 DMR, 2012 U.S. Dist. LEXIS 182345
   (N.D. Cal. Dec. 26, 2012) .....................................................................................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Defendants Infoblox Inc. and Dr. Renée Burton[1] respectfully move to stay discovery in this action until the Court issues a ruling on Defendants' combined motion to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and motion to strike the Complaint pursuant to Cal. Code of Civ. Proc. Section 425.16 ("Anti-SLAPP Law").  (Dkt. No. 39 ("Motion to Dismiss").)

This lawsuit is part of a calculated campaign of intimidation by Plaintiffs aimed at cowing Infoblox and Dr. Burton into silence on matters of significant public interest.  Plaintiffs' insistence on pursuing discovery at this stage in litigation is the latest step in their misguided campaign.  Discovery should be stayed because the Complaint is likely to be dismissed in its entirety when this Court rules on the pending Motion to Dismiss.  At the very least, the Complaint is likely to be substantially narrowed from its current scope spanning 35 different statements from across hundreds of pages of technically-dense blog post articles, cybersecurity conference presentations, and a podcast episode ("Challenged Statements") — where only 3 of the 35 Challenged Statements even *mention* Teknology or Skyforge, and none of the statements are otherwise actionable in defamation as a matter of law.

Defendants satisfy both parts of the two-part test courts in this District apply when considering whether to stay discovery pending resolution of a motion to dismiss.  First, the Motion to Dismiss is potentially dispositive of the entire case.  As set forth in the Motion to Dismiss, not only does this Court lack personal jurisdiction over Defendant Burton, none of the Challenged Statements provide the basis for a viable cause of action for defamation (or other tort claim), for multiple reasons.  Indeed, the vast majority of the Challenged Statements are nonactionable as a matter of law *both* because they are not "of and concerning" either Plaintiff and because the Complaint fails to allege how each Challenged Statement is false or what Plaintiffs contend the truth to be.

Plaintiffs' lawsuit is not about righting a legal wrong.  It is about silencing and punishing the results of multiple years of highly technical research and investigation seeking to untangle an extensive

---

[1] Dr. Burton brings this Motion without waiving her defense that this Court lacks personal jurisdiction over her, as set forth in Defendants' pending Motion to Dismiss.

and elusive network of actors engaged in malicious online practices impacting Internet users around the world. Forcing Defendants to engage in discovery at this point would only further chill their First Amendment-protected speech on these issues, waste the resources of the parties and this Court, and nullify many of the policy reasons animating California's Anti-SLAPP Law. For these reasons, Defendants request a stay of discovery until after this Court issues a ruling on the pending Motion to Dismiss.

## II.  FACTUAL BACKGROUND

On November 4, 2025, Plaintiffs filed their Complaint. (Dkt. No. 1 ("Compl.").) The Complaint asserts causes of action for defamation and defamation *per se*, false light, intentional interference with contract, violation of the Lanham Act, and civil conspiracy, each of which purportedly arise out of 35 Challenged Statements made in a series of blog post articles, cybersecurity conference presentations, and a podcast episode. (Compl. ¶¶ 87, 91, 95, 98, 100, 118.) As discussed, of the 35 Challenged Statements, only 3 identify Teknology or Skyforge. (*See id.*)

On January 9, 2026, Defendants filed their Motion to Dismiss. (Dkt. No. 39.) On January 23, 2026, the Court granted the parties' stipulation to extend the briefing schedule for Defendants' Motion to Dismiss, such that the deadline for Plaintiffs to file any opposition to the Motion to Dismiss is now February 13, 2026, and the deadline for Defendants to file a reply in further support of the Motion to Dismiss is now March 6, 2026. (Dkt. No. 43.) A hearing on Defendants' Motion is set for March 26, 2026. (*Id.*)

On November 20, 2025, the Court set the initial Case Management Conference in this matter for February 5, 2026, and ordered the parties' joint case management statement due by January 29, 2026. (Dkt. No. 23.) On January 26, 2026, Defendants filed an administrative motion seeking to continue the February 5 initial Case Management Conference, the parties' associated obligations under Fed. R. Civ. P. 26, and any other discovery deadline, to dates to be set by the Court after the Court rules on this motion to stay. (Dkt. No. 44.) Plaintiffs opposed the administrative motion. (Dkt. No. 45.) On January 28, 2026, the Court issued a text order rescheduling the Case Management Conference to April 30, 2026. (Dkt. No. 46.)

On January 20, 2026, prior to the Court's rescheduling of the initial Case Management Conference, Plaintiff Skyforge served an initial request for production of documents on Infoblox. (*See* Dkt. 45-1.) The single request references an October 14, 2025, letter which Infoblox sent to Plaintiffs' counsel in response to

a demand letter from Plaintiffs prior to commencement of this litigation. (*See id.* at 3, 6–10.) In the October 14 letter, Infoblox referenced its "detailed and meticulous investigation, which scoured open-source information over a number of years" to support the reporting challenged in Plaintiffs' pre-litigation demand letter. (*Id.* at 9–10.) Infoblox stated it "has in its possession extensive information and evidence concerning [Skyforge and Teknology's] conduct and activities," and that it "stands ready to submit such information and evidence in support of a special motion to strike should your clients go forward with their threatened action." (*Id.* at 10.) Notably, at this time, Infoblox did not know: (1) whether and where Plaintiffs would bring suit; (2) what Plaintiffs' claims would be; and (3) what statements Plaintiffs would challenge. Skyforge now demands that Infoblox:

> Provide the "information and evidence concerning Sky/Tek's conduct and activities" referenced in the October 14, 2025 letter that Infoblox sent to Sky/Tek, in which Infoblox represented that it stood ready to submit such information and evidence.

(*Id.* at 3.)[2]

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) allows a court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Pursuant to this authority, "[d]istrict courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *Braun v. Yahoo*, No. 17-cv-06294-SVK, 2018 U.S. Dist. LEXIS 237032, at *5 (N.D. Cal. Mar. 28, 2018) (Van Keulen, J.) (quotations and citation omitted). "[A] stay of discovery is consistent with the purpose of a Rule 12(b)(6) motion to dismiss, which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Id.* at *5–6 (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.*

---

[2] Infoblox's position is that it is not obligated to serve responses and objections to this discovery request prior to the Case Management Conference now scheduled for April 30, 2026. Plaintiffs served their initial disclosures on Defendants on January 29, 2026. Defendants' understanding is that their obligation to serve initial disclosures is tolled given the continuance of the Case Management Conference.

Courts in the Northern District of California typically apply a two-part test to determine whether to stay discovery pending resolution of a dispositive motion such as a motion to dismiss. First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117–18 (N.D. Cal. 2024) (Pitts, J.) (citation and quotations omitted). Second, the district court must be able to decide the pending motion "absent additional discovery." *Id.* "In applying this two-factor test, the court must take a preliminary peek at the merits of the pending motion to assess whether a stay is warranted." *Id.*

## IV. ARGUMENT

### A. Defendants Satisfy this District's Two-Part Test for a Stay of Discovery Pending Resolution of a Motion to Dismiss.

#### 1. The Pending Motion to Dismiss Is Potentially Dispositive of the Entire Case.

Defendants readily satisfy the first prong of the two-part test applicable here because the Motion to Dismiss is potentially dispositive of the entire case. To find this prong satisfied, the Court need not reach an opinion on the ultimate merits of the motion to dismiss; rather, the "question before the Court on a motion to stay discovery [is] whether Defendants' motion is *potentially* dispositive of the entire case." *Heck v. Amazon.Com, Inc.*, No. 22-cv-03986-JSW, 2022 U.S. Dist. LEXIS 199904, at *4 (N.D. Cal. Nov. 1, 2022) (citation and quotations omitted) (emphasis in original); *see also Cal. Crane Sch., Inc. v. Google LLC*, No. 21-cv-10001-HSG, 2022 U.S. Dist. LEXIS 77442, at *3 (N.D. Cal. Apr. 28, 2022) ("good cause exists to stay discovery until the pending motions are resolved[,]" in part because "those motions may dispose of at least some [d]efendants, if not [p]laintiff's entire case"); *Reveal Chat Holdco, Ltd. Liab. Co. v. Facebook, Inc.*, No. 20-cv-00363-BLF, 2020 U.S. Dist. LEXIS 92828, at *10–11 (N.D. Cal. Apr. 10, 2020) (finding first prong of test satisfied because defendant's arguments on motion to dismiss are "potentially dispositive of the entire case" and rejecting plaintiffs' "attempt to grapple with the merits of [defendant's] motion to dismiss to demonstrate that [defendant's] arguments are not case-dispositive"); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 U.S. Dist. LEXIS 123494, at *2 (N.D. Cal. Oct. 25, 2011) (first prong for discovery stay met where defendants' pending "motion to dismiss, if meritorious, is potentially dispositive of the case").

Defendants' pending Motion to Dismiss is potentially dispositive of Plaintiff's case on multiple, independent grounds:

- **Lack of Personal Jurisdiction Over Defendant Burton:** The Complaint should be dismissed in its entirety as to Defendant Burton under Rule 12(b)(2) for lack of personal jurisdiction. The only legitimate connection plausibly alleged in the Complaint between Dr. Burton, a resident of Washington state, and California is that she works for a California-based company. Plaintiffs are corporations based in Switzerland, and do not even allege they were injured in California or that Dr. Burton made any of the Challenged Statements from California. The Constitution's Due Process Clause does not permit this Court to exercise personal jurisdiction based on Dr. Burton's out-of-state expressive activity. (MTD at 7–9.) Thus, as to Defendant Burton, the Motion to Dismiss is potentially dispositive.

- **Failure to State a Claim for Defamation:** As to both Defendants, the Motion to Dismiss sets forth multiple reasons the Complaint should be dismissed for failure to state a claim for defamation pursuant to Rule 12(b)(6) (and likewise should be stricken pursuant to the Anti-SLAPP Law). First, the vast majority of the Challenged Statements (32 of 35) make no mention of or otherwise identify either Plaintiff, meaning they are not "of and concerning" either Plaintiff — an essential element of a defamation claim. (MTD at 12–16.) Second, as to all of the Challenged Statements, the Complaint fails to sufficiently allege another basic element of a defamation claim: a false and defamatory statement of fact. (*Id.* at 16–18.) The Complaint does not allege, as it must, how each Challenged Statement is false or what Plaintiffs contend the truth to be. This defect is fatal to the entire defamation claim. Third, certain of the Challenged Statements are also nonactionable as a matter of law because they fail to convey a defamatory meaning or express subjective interpretations employing exaggerated rhetoric (*i.e.*, nonactionable statements of opinion). (*Id.* at 18–20.) For these reasons, the Complaint fails to state a claim for defamation. The Motion to Dismiss is therefore potentially dispositive on this claim.

- **Failure to State a Claim for False Light:** The Complaint fails to state a claim for false light because California law is clear that Skyforge and Teknology — as corporate entities — cannot assert a false light claim as a matter of law. (*Id.* at 20–21.)

- **Failure to State a Claim for Tortious Interference with Contract:** Plaintiffs fail to state a claim for interference with contract because the First Amendment bars their claim and because Plaintiffs fail to identify each of the "numerous" third parties with whom they purportedly contract or to allege the "nature and extent of" any such contractual relationship as required to plead their claim. (*Id.* at 21–22.)

- **Failure to State a Claim for Violation of the Lanham Act:** The Complaint fails to state a claim for false advertising under the Lanham Act because Plaintiffs' conclusory allegations merely parroting the claim's elements fall far short of their pleading burden under Rule 12(b)(6). The Lanham Act claim also must be dismissed because Plaintiffs fail to sufficiently plead that Defendants made any false statement of fact about Plaintiffs' products, that any of the Challenged Statements — made in the context of technical presentations at industry conferences and highly technical reporting published on Infoblox's websites — constitute "commercial advertising or promotion" within the meaning of the Lanham Act, or how the Challenged Statements (most of which are not even about Plaintiffs, as discussed above) actually concern Plaintiffs' "goods, services, or commercial activities." *See* 15 U.S.C. § 1125(a)(1)(B). *Id.* at 22–23.)

- **Failure to State a Claim for Civil Conspiracy:** Plaintiffs fail to state a claim for civil conspiracy because such a claim is not a standalone cause of action in California; it is a legal doctrine by which a defendant may be held vicariously liable for the conduct of another through an agreement to engage in some wrongful conduct. (*Id.* at 23.)

Thus, as set forth more fully in the Motion to Dismiss, whatever tort theory on which Plaintiffs attempt to rely, the Complaint is fatally flawed, both under Rule 12(b)(6) and the Anti-SLAPP Law applying the Rule 12(b)(6) pleading standard. The Motion to Dismiss is therefore potentially dispositive — and Defendants contend it is *likely* dispositive — of Plaintiffs' entire case.

    **2. The Pending Motion to Dismiss Can — and Must — Be Decided Absent Additional Discovery.**

Defendants also satisfy the second prong of the stay test because the Motion to Dismiss may — and in fact, must — be decided absent additional discovery. The Motion to Dismiss takes all well-pleaded allegations in the Complaint as true and explains that the Complaint fails to state a claim

against Defendants as a matter of law. As to Defendant Burton's arguments that this Court lacks personal jurisdiction, these arguments are based on the Complaint's failure to plausibly allege facts which, if true, would entitle Plaintiffs to sue her in this District.

Courts in this District routinely find that Rule 12(b)(6) motions to dismiss satisfy this second prong. *See Reveal Chat Holdco, Ltd. Liab. Co. v. Facebook, Inc.*, 2020 U.S. Dist. LEXIS 92828, at *11 ("As to the second prong of the test, the Court finds that [defendant's] motion to dismiss is based solely on the allegations in the Complaint and does not raise any factual issues. Thus, the Court finds that the motion to dismiss can be decided without additional discovery." (citations omitted)); *see also Cal. Crane Sch., Inc. v. Google LLC*, 2022 U.S. Dist. LEXIS 77442, at *3–4 (granting motion to stay where "no additional discovery would help the Court resolve those motions because they either challenge the legal sufficiency of [p]laintiff's complaint or raise narrow legal issues"). The same holds true here: no discovery is needed to decide the Motion to Dismiss, which is grounded in deficiencies in the Complaint's allegations as pleaded and rests on purely legal arguments.

### B. Additional Good Cause Exists to Stay Discovery Given the Speech on Matters of Public Importance this Action Seeks to Punish.

As discussed, Defendants readily satisfy the two-part test for determining whether a discovery stay should issue. Separately, *additional* good cause exists to stay discovery because of the protected speech on matters of public concern at the heart of this defamation suit. (*See* MTD at 11–12.) Given the speech Plaintiffs challenge with their suit, the burdens of discovery at this stage would "include not only the usual time and expense of discovery but also the possible disclosure of sensitive business information . . . and the chilling of [D]efendants' First Amendment-protected . . . activity." *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d at 1118. Discovery at this stage — as is evident from the expansive document request Skyforge has already served on Infoblox — is intended only to burden Defendants, force them to disclose details of their internal research methods and investigatory techniques, and chill their First Amendment-protected activity before Plaintiffs have been forced to demonstrate that their claims have any merit. (*See* Dkt. 45-1.)

Indeed, it is for this very reason that the Anti-SLAPP Law provides for a *mandatory* discovery stay, at least for motions to strike filed in state court.[3] C.C.P. § 425.16(g). "One of the basic purposes of the anti-SLAPP statute is to allow for the prompt resolution of meritless cases aimed at chilling expression prior to the time significant pretrial discovery expenses are incurred." *Mireskandari v. Daily Mail*, No. CV 12-02943 MMM (FFMx), 2013 U.S. Dist. LEXIS 199145, at *7 (C.D. Cal. Jan. 14, 2013) (citations omitted). "Even where the anti-SLAPP statute's [mandatory] stay provisions do not apply, . . . the court retains the inherent discretion to stay proceedings in view of the purposes of the anti-SLAPP statute." *Id.* (citing *Moser v. Encore Capital Grp., Inc.*, No. 04CV2085-LAB (WMc), 2007 U.S. Dist. LEXIS 22970 (S.D. Cal. Mar. 27, 2007)). Here, "[p]ermitting discovery to proceed would expose defendants to the sort of intrusive, expensive, and expression-chilling discovery and litigation that the anti-SLAPP statute was specifically enacted to avoid." *Id.* at *8–9; *see also Franchise Realty Interstate Corp. v. S. F. Local Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1082–83 (9th Cir. 1976) ("[W]here a plaintiff seeks damages or injunctive relief, or both, for conduct which is prima facie protected by the First Amendment," "danger" exists that "the mere pendency of the action will chill the exercise of First Amendment rights"). Given the burden on Defendants' First Amendment rights the mere pendency of this action poses, the policy rationale animating the Anti-SLAPP Law, and the additional chilling effect discovery would have

---

[3] The applicability of this mandatory stay in federal court for anti-SLAPP motions to strike subject to a Rule 12(b)(6) analysis has not been definitively resolved. Referencing a 2001 Ninth Circuit decision, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001), the Ninth Circuit stated in dictum last year that "the 'discovery-limiting aspects' of California's anti-SLAPP statute do not apply in federal court[.]" *Gopher Media LLC v. Melone*, 154 F.4th 696, 712 (9th Cir. 2025). However, the *Metabolife* court was presented with a summary judgment-style motion to strike; since *Metabolife*, several district courts in the Ninth Circuit have distinguished between "an anti-SLAPP motion that is in the nature of a Rule 12(b)(6) motion to dismiss and one that presents issues of fact, akin to a Rule 56 summary judgment motion, for purposes of determining whether the [mandatory Anti-SLAPP Law] discovery stay applies[.]" *Smith v. Payne*, No. C 12-01732 DMR, 2012 U.S. Dist. LEXIS 182345, at *15–19 n.7 (N.D. Cal. Dec. 26, 2012) (denying plaintiffs' request for pre-motion-to-strike discovery where "anti-SLAPP motion challenges the legal sufficiency of [p]laintiffs' claims, and thus is in the nature of a Rule 12(b)(6) motion to dismiss[,]" concluding "that there is no collision between section 425.16(g) and Rule 56 in this case"); *see also Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-cv-03522-WHO, 2015 U.S. Dist. LEXIS 114851, at *9 (N.D. Cal. Aug. 27, 2015) ("If an anti-SLAPP motion 'is founded on purely legal arguments,' then the analysis of Rules 8 and 12 applies, section 425.16(g) does not conflict with the federal rules, and discovery must be stayed pursuant to that statute." (citation and quotations omitted)). Defendants' Motion to Dismiss, which challenges the legal sufficiency of the Complaint's claims as pleaded, cannot be analogized to the summary judgment-type anti-SLAPP motion considered in *Metabolife*.

on Defendants' First Amendment rights, additional good cause exists to stay discovery pending a decision on the Motion to Dismiss.

## V. CONCLUSION

For these reasons, Defendants respectfully request that the Court stay all discovery in this action pending a decision on Defendants' Motion to Dismiss.

Dated: January 30, 2026　　　　　　　　GREENBERG TRAURIG, LLP

　　　　　　　　　　　　　　　　　By:   /s/ Alex Linhardt
　　　　　　　　　　　　　　　　　　　　Alex Linhardt
　　　　　　　　　　　　　　　　　　　　Michael J. Grygiel
　　　　　　　　　　　　　　　　　　　　Kelly L. McNamee
　　　　　　　　　　　　　　　　　　　　Christina N. Hernsdorf

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Infoblox Inc. and Renée Burton*