Sean G. Wieber (admitted *pro hac vice*)
SWieber@winston.com
Elizabeth S. Deshaies (admitted *pro hac vice*)
LDeshaies@winston.com
Patrick G. Simonaitis (admitted *pro hac vice*)
PSimonaitis@winston.com
**WINSTON & STRAWN LLP**
300 N. LaSalle Dr., Suite 4400
Chicago, IL 60654
Telephone: (312) 558-5600
Fax: (312) 558-5700

Kevin P. Simpson (SBN: 344644)
KPSimpson@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone: (213) 615-1700
Fax: (213) 615-1750

Dana Cook-Milligan (SBN: 301340)
DLCook@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Fax: (415) 591-1400

*Attorneys for Plaintiffs Skyforge Digital AG and Teknology SA*

Michael J. Grygiel (*pro hac vice*)
*MGrygiel@FoleyHoag.com*
Kelly L. McNamee (*pro hac vice*)
*KMcNamee@FoleyHoag.com*
Christina N. Hernsdorf (SBN 330987)
*CHernsdorf@FoleyHoag.com*
**FOLEY HOAG LLP**
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 812-0426; Fax: (212) 812-0399

Alex Linhardt (SBN 303669)
*linhardta@gtlaw.com*
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.: (310) 586-7700; Fax: (310) 586-7800

*Attorneys for Defendants Infoblox Inc. and Renée Burton*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

SKYFORGE DIGITAL AG, a Switzerland corporation, and TEKNOLOGY SA, a Switzerland corporation,

Plaintiffs,

vs.

INFOBLOX INC., a Delaware corporation, and RENEE BURTON, in her individual capacity,

Defendants.

**Case No. 5:25cv9502-PCP-SVK**

**Assigned to Hon. P. Casey Pitts**
**Magistrate Judge Susan van Keulen**

# JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| Action Filed: | November 4, 2025 |
| Date: | April 30, 2026 |
| Time: | 1:00 PM |
| Place: | Courtroom 8 |

Plaintiffs Skyforge Digital AG and Teknology SA ("Plaintiffs") and Defendants Infoblox Inc. and Renée Burton ("Defendants," and collectively with Plaintiffs, the "Parties") hereby provide this Joint Case Management Conference Statement in advance of the Court's Case Management Conference scheduled for April 30, 2026.

## I. <u>Jurisdiction and Service</u>

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. No issues of personal jurisdiction exist as to Infoblox Inc. Defendants' Federal Rule of Civil Procedure 12(b)(2) motion challenging the Court's exercise of personal jurisdiction as to Burton is currently pending with this Court. No issues exist as to venue. All Parties have been served.

## II. <u>Facts</u>

### A. <u>Plaintiffs' Position:</u>

Defendant Infoblox is a cybersecurity company that markets and sells a variety of information technology products and services to businesses. (Compl. ¶ 42.) As part of Infoblox's marketing and sales strategy, Infoblox publishes blog posts and has its executives and sales team give presentations at industry conferences and on podcasts that purport to identify IT security risks while simultaneously marketing Infoblox products aimed at eliminating or reducing those risks. (*See* Compl. ¶¶ 43, 90–93, 97–98.) Defendant Burton is an Infoblox executive who works in online "threat detection," and Burton actively participates in this strategy by promoting Infoblox products and her own threat detection skills in public appearances and by publishing blog posts memorializing her theories related to online threat actors and criminals that need to be protected against. (*See* Compl. ¶¶ 17, 49–57.) These public appearances and publications are part of Infoblox's strategy to "evangelize" about the value of its products and drive sales, as reflected in publicly available marketing job listings for the company. (*See* Compl. ¶¶ 43–57).

Throughout the summer of 2025, Defendants published a series of four blog posts related to an alleged cybercriminal conspiracy that Infoblox and Burton decided to call "VexTrio"—a term that they invented. (*See* Compl. ¶¶ 85–86, 94–95, 99–100, 117–118.) Those blog posts were published on June 12, August 6, August 12, and September 24, 2025. (Compl. ¶¶ 85, 94, 99, 117.) During that same

summer, Burton and other Infoblox employees also publicized their work related to the so-called VexTrio at an industry event on August 6, 2025 and on a podcast on August 9, 2025. (*See* Compl. ¶¶ 89–92, 97–98.) Defendants' core claims in these voluminous materials were that VexTrio is a "Russian-nexus cybercriminal organization with close ties to some of the most prolific website hackers in the world" and that "VexTrio steals money by conning people." (*See* Compl. ¶¶ 85–86, 89–92, 94–95, 97–100, 117–118.) In Defendants' August 6, 2025 publication, titled "VexTrio's Origin Story: From Spam to Scam to Adtech," Defendants identified specific individuals and specific online services and asserted that they are "key figures" and leaders of VexTrio's "cybercriminal organization." (*See* Compl. ¶¶ 95(i)–(iii).) Defendants specifically identified Plaintiffs as "core VexTrio business[es]." (Compl. ¶ 95(ii).) Defendants claimed that two of Plaintiff Skyforge's services—Los Pollos and Tacolo.co—are controlled by VexTrio and are critical to its criminal mission. (*See* Compl. ¶95(viii).) This is false. Neither Skyforge or Teknology, nor the services they operate, are involved in any way in a Russian-nexus cybercriminal organization that steals money by conning people. (*See* Compl. ¶¶ 2–3.)

Plaintiff Skyforge, based in Switzerland, was founded in 2017 and operates several internet-based platforms. (Compl. ¶¶ 14, 22.) At its height, the company employed more than 250 people. Skyforge offers customers ad tech services known as Los Pollos and Tacolo.co, both of which are discussed extensively in Defendants' publications and presentations. (Compl. ¶ 23.) Plaintiff Teknology, also based in Switzerland, provides servers and technical services for various companies, including Skyforge and unrelated third parties. (Compl. ¶¶ 15, 32.) Skyforge and Teknology are two separate entities with common ownership. (Compl. ¶ 32.) Defendants' articles contain dozens of false assertions of fact related to Plaintiffs, including clear accusations of criminal and fraudulent conduct, which are set out in detail in Plaintiffs' Complaint. (*See*, *e.g.*, Compl. ¶¶ 85–86, 89–92, 94–95, 97–100, 117–118.) These statements have caused and continue to cause actual and reputational harm to Plaintiffs, and Plaintiffs deny all allegations of criminal misconduct. (*See* Compl. ¶¶ 124–128.)

In addition to the false statements of fact made to the general public and to Infoblox's potential customers, Defendants have also memorialized, in their publications and presentations, their efforts to interfere with Plaintiffs' ability to conduct their business. Defendants refer to these efforts as giving

Plaintiffs an "industry hug," which means a coordinated and concerted effort to deplatform a business from the internet. (*See* Compl. ¶¶ 73, 83, 113.) It appears these efforts by Infoblox included reaching out to entities that contracted with Plaintiffs, including a hosting site called Hetzner and Plaintiffs' banking institutions, each of which cancelled their contracts with Plaintiffs. (Compl. ¶¶ 67, 74.) Defendants have also memorialized in their publications that these efforts were taken in conjunction with other known and unknown cybersecurity firms. (*See*, *e.g.*, ¶¶ 68, 113.)

As a result of Defendants' actions, Plaintiffs have suffered tens of millions of dollars in damages in 2025 alone. (*See* Compl. ¶ 128.) These damages continue to accrue, as Infoblox has not removed any of the defamatory content from its website and continues to broadcast it to the world. For this reason, Plaintiffs have brought this action seeking a jury trial for claims of (1) defamation, (2) false light, (3) intentional interference with contract, (4) violation of the Lanham Act, and (5) civil conspiracy.

B. <u>Defendants' Position</u>

Defendant Infoblox Inc. ("Infoblox") is an information technology automation and security company that publishes detailed threat intelligence research and develops a variety of solutions designed, *inter alia,* to protect against cyber threats. (Compl. ¶ 42.) Defendant Renée Burton — a resident of King County, Washington — has held a Vice President position at Infoblox since April 2024. (*Id.* ¶ 17.) Plaintiff Skyforge Digital AG ("Skyforge") is a Swiss holding company whose subsidiaries "operate[] several internet-based platforms," including Los Pollos, Tacolo.co, and Adtrafico (collectively, the "Platforms"). (Compl. ¶¶ 14–15, 22–23; Compl. Ex. 7 at Appendix 1–2.) Plaintiff Teknology SA ("Teknology") is a Swiss company that contracts with Skyforge to provide Skyforge with servers to operate its affiliate-marketing network. (Compl. ¶ 32.)

On June 6, 2022, after months of tracking and investigation, Infoblox's Threat Intelligence Group released a Cyber Threat Advisory regarding malicious campaigns that use domains generated by a dictionary domain generation algorithm ("DDGA") to run scams and spread riskware, spyware, adware, potentially unwanted programs, and pornographic content. (Compl. ¶ 58 n. 8.) The Cyber Threat Advisory referred to the DDGA family and activity referenced therein collectively as "VexTrio." (*Id.*) Since then, Infoblox has continued to investigate the malicious traffic distribution systems and adtech

companies that make up VexTrio, and has continued to speak out against VexTrio's illicit online schemes via various blog posts, presentations, and podcasts, including those identified in the Complaint at paragraphs 85 through 118 (the "Publications"). (See Compl. ¶¶ 85–118.)

Apparently perturbed by the facts uncovered during the course of Infoblox's investigation and the uncomfortable questions the Publications beget, Skyforge and Teknology instituted this action on November 4, 2025. Their Complaint asserts causes of action for defamation and defamation *per se,* false light, intentional interference with contract, violation of the Lanham Act, and civil conspiracy, each of which purportedly arise out of 35 specific statements (the "Challenged Statements") included in the Publications. (Compl. ¶¶ 87, 91, 95, 98, 100, 118.) Of the 35 Challenged Statements, only 3 identify Teknology or Skyforge. (*Id.*)

## III. <u>**Legal Issues**</u>

### A. <u>Plaintiffs' Position:</u>

The key disputed legal issues are as follows:

- Whether the challenged statements are defamation;
- Whether the challenged statements qualify as protected speech under the California anti-SLAPP statute;
- Whether the challenged statements violate the Lanham Act;
- Whether Defendants publicly disclosed information that showed Plaintiffs in a false light;
- Whether Defendants knowingly interfered with Plaintiffs' contractual relationships with third parties;
- Whether Defendants formed a group of two or more persons with a common plan or design to commit a tortious act and committed a wrongful act pursuant to that agreement;
- Whether Plaintiffs suffered harm as a result of Defendants' statements and actions.

B. Defendants' Position:

As detailed in Defendants' pending motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and special motion to strike pursuant to California's anti-SLAPP statute, the principal legal issues in dispute at this time are whether (i) the Court has personal jurisdiction over Defendant Burton, (ii) the anti-SLAPP statute applies to Plaintiffs' claims, and (iii) the Complaint states a claim for defamation, false light invasion of privacy, interference with contract, violation of the Lanham Act, or civil conspiracy.

## IV. Motions

A. Pending Motions

Defendants filed a combined motion to dismiss and anti-SLAPP motion to strike the complaint on January 9, 2026, which was submitted to the Court on January 16, 2026 (Dkt. No. 39) and argued on March 26, 2026. Defendants additionally filed a motion to stay discovery (Dkt. No. 47), which is pending.

Plaintiffs filed a "Motion to Strike Defendants' Untimely Reply Brief in Support of Their Motion to Stay Discovery" on March 10, 2026 (Dkt. No. 52), which remains pending. On March 18, 2026, the Court issued an order (i) granting Defendants' motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) for a post-deadline extension of time to file their reply in support of Defendants' motion to stay discovery; (ii) directing Defendants to re-file their reply within 3 days; and (iii) ordering that such re-filed reply be considered timely. (Dkt. No. 56.) Defendants re-filed their reply on March 19, 2026. (Dkt. No. 57.)

B. Anticipated Motions

Both Parties anticipate filing summary judgment motions.

## V. Amendment of Pleadings

A. Plaintiffs' Position:

Plaintiffs do not presently expect to amend, add, or dismiss parties, nor do Plaintiffs currently plan to add or dismiss parties or claims.

B. Defendants' Position:

Defendants have not yet answered the Complaint and reserve their right to assert any applicable

defenses and/or claims, and add additional parties, if and when they answer the Complaint. Due to the potential that grounds for additional claims or defenses may come to light in the course of discovery, Defendants propose that any amendments to add claims or defenses shall be made no later than 1 week following the close of fact discovery.

## VI. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues reasonably evident in this action. All Parties have undertaken to preserve potentially relevant evidence. The Parties have agreed that they will negotiate a proposed ESI Order for this case.

## VII. Disclosures

Plaintiffs served initial disclosures on January 29, 2026. Defendants provided initial disclosures on April 20, 2026.

## VIII. Discovery

*Status and Scope of Discovery*. Plaintiff Skyforge served an initial Request for Production to Defendant Infoblox on January 20, 2026, which Defendant Infoblox has not responded to. Plaintiffs Skyforge and Teknology served additional Requests for Production, as well as Interrogatories and Requests for Admission to both Defendants on April 13, 2026. Defendants served their First Set of Requests for Production of Documents to Plaintiffs on April 17, 2026. The parties have exchanged initial disclosures. Discovery will cover the substantive claims and defenses.

*Discovery Modifications*. The Parties believe that the default limitations on discovery set out in the Federal Rules of Civil Procedure should apply. The Parties agree that each deposition witness will be deposed once in his or her personal capacity, consistent with Federal Rule of Civil Procedure 30(d)(1). Notwithstanding the foregoing, the Parties agree that upon agreement or by motion to the Court, a witness may be deposed a second time only upon discovery of information material to the claims or defenses of the Parties that was unknown at the time of the individual's prior deposition(s).

*Discovery Plan*. The Parties have proposed competing discovery schedules. Plaintiffs' proposed

discovery schedule is attached as Exhibit A. Defendants' proposed discovery schedule is attached as Exhibit B.

*Discovery Disputes*. As noted, Defendants' motion to stay discovery is currently pending. Plaintiffs opposed that motion. The Parties have not identified any other discovery disputes at this time.

## IX. Class Actions

This matter is not a class action.

## X. Related Cases

The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## XI. Relief

A. Plaintiffs' Position:

Plaintiffs seek compensatory damages in an amount to be determined at trial, punitive damages, and all further relief the Court deems fair and just.

B. Defendants' Position:

Defendants seek dismissal of this action in its entirety and an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16. Defendants reserve their right to seek appropriate relief with respect to any claims or defenses they may assert in any answer to the Complaint or amendment thereto, and all further relief the Court deems fair and just.

## XII. Settlement and ADR

In accordance with L.R. 3-5, the undersigned counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. The Parties have not participated in ADR proceedings to date.

A. Plaintiffs' Position:

Plaintiffs have relayed to Defendants their willingness to participate in an early settlement conference with a Magistrate Judge, a process suggested by the Court at the March 26, 2026 hearing (*see* Minute Entry at Dkt. No. 58), but Defendants are not willing to do so at this time. Plaintiffs are also open to private ADR and are open to exploring the timing of ADR with the Court at the Case

Management Conference. Plaintiffs filed their ADR Certification (Dkt. No. 40) following the parties' initial Rule 26(f) conference on January 15, 2026.

B. Defendants' Position:

Defendants are amenable to discussing ADR options and timing during the Case Management Conference. Defendants, however, are not amenable to mediation before a magistrate judge prior to the issuance of a decision on their pending motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and special motion to strike pursuant to California's anti-SLAPP statute. Defendants are willing to reconsider mediation before a magistrate judge following a decision on their pending motions. Defendants filed their ADR Certification on January 23, 2026. (Dkt. No. 42.)

## XIII. Other References

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. Consent to Magistrate Judge for All Purposes

The Parties have not consented to have this matter heard by the Magistrate Judge for all purposes.

## XV. Narrowing of Issues

The Parties are not presently aware of any issues in this case that may be resolved by agreement or stipulation.

## XVI. Expedited Trial Procedure:

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure contemplated in General Order No. 64.

## XVII. Scheduling

The Parties have proposed competing case schedules. Plaintiffs' proposed case schedule is attached as Exhibit A. Defendants' proposed case schedule is attached as Exhibit B.

## XVIII. Trial

The Parties have requested a jury trial on all claims. At this early stage, the Parties are unable to estimate the expected trial length, because it will depend in large measure on the evidence produced in discovery and the outcome of Defendants' pending motion to dismiss the complaint pursuant to Fed. R.

Civ. P. 12(b)(2) and 12(b)(6), and special motion to strike pursuant to California's anti-SLAPP statute.

## XIX. Disclosure of Non-Party Interested Entities

A. Plaintiffs' Position:

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 (*See* ECF No. 12). Plaintiffs are not aware of any other persons, associations of person, firms, partnerships, corporations, or entities that have a financial or other type of interest in this litigation.

B. Defendants' Position:

On December 27, 2025, Defendants filed their "Certification of Conflicts, Interested Entities and Persons, and Citizenship," as required by Fed. R. Civ. P. 7.1 and Civil Local Rule 3-15. (Dkt. No. 27.) Defendants are not aware of any other persons, associations of person, firms, partnerships, corporations, or entities that have a financial or other type of interest in this litigation.

## XX. Professional Conduct

All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. Other Matters:

At this time, there are no other matters that may facilitate a just, speedy, and inexpensive disposition of this matter.

Dated: April 23, 2026

WINSTON & STRAWN LLP

By: */s/ Kevin P. Simpson*

Kevin P. Simpson (SBN: 344644)
KPSimpson@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071
Telephone: (213) 615-1700
Fax: (213) 615-1750

Sean G. Wieber (admitted *pro hac vice*)
SWieber@winston.com
Elizabeth S. Deshaies (admitted *pro hac vice*)
LDeshaies@winston.com
Patrick G. Simonaitis (admitted *pro hac vice*)
PSimonaitis@winston.com
**WINSTON & STRAWN LLP**
300 N. LaSalle Dr., Suite 4400
Chicago, IL 60654
Telephone: (312) 558-5600
Fax: (312) 558-5700

Dana Cook-Milligan (SBN: 301340)
DLCook@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Fax: (415) 591-1400

*Attorneys for Plaintiffs Skyforge Digital AG and Teknology SA*

Dated: April 23, 2026

GREENBERG TRAURIG, LLP

By: */s/ Alex Lindhardt*

GREENBERG TRAURIG, LLP
Alex Linhardt

FOLEY HOAG LLP
Michael J. Grygiel
Kelly L. McNamee
Christina N. Hernsdorf

*Attorneys for Defendants Infoblox Inc. and Renée Burton*

**EXHIBIT A**

Plaintiffs' Proposed Schedule

| | |
|---|---|
| November 4, 2025 | Complaint filed |
| January 9, 2026 | Motion to Dismiss & Anti-SLAPP Motion to Strike filed |
| January 15, 2026 and April 6, 2026 | Rule 26(f) Conference |
| April 20, 2026 | Initial Disclosures |
| April 30, 2026 | Case Management Conference |
| August 27, 2026 | Close of Fact Discovery |
| September 3, 2026 | Deadline to Amend Pleadings and Complete ADR |
| September 10, 2026 | Expert Reports |
| September 24, 2026 | Rebuttal Expert Reports |
| October 8, 2026 | Close of Expert Discovery |
| October 22, 2026 | Dispositive Motions & Daubert Motions |
| November 5, 2026 | Responses to Dispositive Motions & Daubert Motions |
| November 12, 2026 | Replies in Support of Dispositive Motions |
| December 2, 2026 | Hearing on Dispositive Motions and Daubert Motions |
| March 10, 2027 | Trial Setting Conference |

**EXHIBIT B**

Defendants' Proposed Schedule

| | |
|---|---|
| November 4, 2025 | Complaint filed |
| January 9, 2026 | Motion to Dismiss & Anti-SLAPP Motion to Strike filed |
| April 6, 2026 | Rule 26(f) Conference |
| April 20, 2026 | Initial Disclosures |
| April 30, 2026 | Case Management Conference |
| February 26, 2027 | Close of Fact Discovery |
| March 5, 2027 | Deadline to Amend Pleadings |
| March 26, 2027 | Expert Reports |
| April 23, 2027 | Rebuttal Expert Reports |
| May 7, 2027 | Close of Expert Discovery |
| May 28, 2027 | Complete ADR |
| May 28, 2027 | Dispositive Motions & Daubert Motions |
| July 2, 2027 | Responses to Dispositive Motions & Daubert Motions |
| July 23, 2027 | Replies in Support of Dispositive Motions |
| August 20, 2027 | Hearing on Dispositive Motions and Daubert Motions |
| October 22, 2027 | Trial Setting Conference |
| November 8, 2027 | Trial |